Mr. Harper for Petitioner Leggett & Platt, Inc., Mr. Solem for Petitioner Keith Purvis, Ms. Sheehy for the respondents. Good morning, Council. Mr. Harper, please proceed when you're ready. Good morning, Your Honors, and may it please the Court, my name is John Harper, and together with Co-Counsel Arthur Carter, we represent Petitioner Leggett & Platt in this matter.  The National Labor Relations Board's critical error in this case is its insistence that the Levitt's last-in-time rule should apply, resulting in the imposition of a bargaining order, even though it held in Johnson Controls, 368 NLRB No. 20, that the last-in-time rule failed to satisfy the Board's statutory goals of ensuring employee free choice and maintaining labor relations stability. As this Court has repeatedly recognized in Skomas and Lee-Lumber and elsewhere, employee free choice is a core principle of the National Labor Relations Act. I want to discuss three primary points this morning. First, the Board should have applied Johnson Controls retroactively to the facts of this case. Second, this Court should simply deny enforcement to the Board's order rather than remand it for a third bite at the apple. And third, in the alternative, the Board should deny enforcement to the NLRB's bargaining order and remand the case under Skomas v. Sausalito versus NLRB. Leggett will stand on this briefing with respect to the substantial evidence points it made regarding the union's petition and the alleged unlawful assistance to a subsequent decertification petition, but I'm happy to answer questions on those matters. First, turning to the issue of whether Johnson Controls should have been applied retroactively, the Board recognized in its decision below and has recognized elsewhere, retroactive application is the formal practice unless manifest injustice would result. In Johnson Controls, just as in this case, the Levitt's last-in-time rule would have resulted in the imposition of a bargaining order, except that in Johnson Controls, the Board would have, in its decision below, implement a new standard and apply that standard retroactively. It applied the standard retroactively in Johnson Controls because, and I quote, the union's ability to rely on its dual signer evidence is the source of the very problems our new standard is meant to cure. So its loss is simply the inevitable consequence of curing the mischief the preexisting law created. The Board in Johnson Controls also recognized the Levitt's last-in-time standard had been subject to repeated criticism, including criticism by this court and Skomas. And so too here. The union is relying on the very same sort of dual signer evidence as is the Board, which creates the very same mischief and the very same criticism of the Levitt's last-in-time rule. Thus, the Board is really trying to have it both ways. Either the Levitt's last-in-time rule is inconsistent with the Board's statutory mandate or it is not. If it is, then that rule should have been applied consistently here because the operative facts are the same. Both cases involved employee submission of a majority petition to employer saying that they no longer wanted union representation. In both cases, the employer relied on that petition to tell the union it would withdraw recognition from the union when the bargaining agreement expired. But Mr. Harper, could you just say a little bit more specifically what you think the problem is with the NLRB not applying this retroactively? Do you think that it is arbitrary, that it is contrary to law, an abuse of discretion? What standard are you applying for that? I think it is an arbitrary and capricious decision. The Board does have discretion to determine retroactivity in its cases. Here, the Board abused its discretion and acted arbitrarily in failing to apply Johnson Controls retroactively. You see that because the facts of Johnson Controls and of this case are virtually the same in terms of the operative facts, number one. Number two, taking into account the Board's explanation as to why it refused to apply Johnson Controls retroactively simply does not support the result. From that, I mean the Board relied on two reasons why it was not going to apply Johnson Controls retroactively in this case. First, it said that it had... Could you speak up a little bit, Mr. Harper? Of course. Is that better? Yes. All right. I would say, let me back up, the Board's discretion is not unlimited. It may not act in a way that is arbitrary, capricious, or otherwise not in accordance with law. And so we would say that the Board's decision not to apply Johnson Controls retroactively is arbitrary, is capricious, and is contrary to the law that it set forth in Johnson Controls. And it gave two reasons why it did not believe Johnson Controls should apply retroactively in this case. First, it said that it had institutional reasons as to why Johnson Controls should not apply retroactively, but it never identified those institutional reasons. It simply said they existed. Second, it said that it expected prompt compliance with its bargaining orders, and that the party should have been bargaining here rather than Leggett and Platt exercising its statutory right to appeal. This reason has several problems. First, it ignores that Board orders are not self-enforcing. If the Board wants to have an enforceable order, it needs to come to this court, and Leggett exercised that right. Second... Do you think, Mr. Harper, that the bargaining order here was an abuse of discretion after this court's decision in Skomas? I believe that the bargaining order was an abuse of discretion after this court's decision in Skomas. But I also believe that under Johnson Controls, the bargaining order is really irrelevant because Johnson Controls should have applied at the Board level, and at that Board level, the Board should have dismissed the unfair labor practice charge out of the way that Johnson Controls reads and is applied. So I don't believe that this Board even needs to get to the bargaining order issue, which is why it's an alternative argument for us. But should the court reach it, we believe that Skomas is dispositive here on nearly similar facts, and that the bargaining order under the reasoning of Skomas is an abuse of discretion for the reasons stated there. Turning back to the Johnson Controls and why the Board's reasoning as to no retroactivity really can't withstand reason, it does, just as Your Honor Judge Ralph mentioned. It ignores the fact that Skomas was in existence the very first time that the Board decided this case, and it was in existence the second time the Board decided this case. And Johnson Controls relied on this court's decision in Skomas in stating that the Levitz last-in-time rule was inconsistent with the statutory requirements of ensuring employee free choice and maintaining stable relations. Next, the Board... Speak up again, please, counsel. I'm sorry? You keep dropping your voice. If you could speak up again. You were doing fine after Judge Ralph asked you to, but you're dropping again. Could you speak up, please? I apologize. I'm still getting used to the Zoom format, so I will continue speaking up. Okay. The Board also argues that not complying with its bargaining order in this case somehow disrupts the bargaining relationship between the parties. But as the Board recognized in Johnson Controls, what disrupts the bargaining relationship between the parties is the Levitz last-in-time rule that allows an employer like Leggett, that allowed an employer like Johnson Controls to unwittingly withdraw recognition while the union was sitting on evidence of a reacquired majority status, and that is what caused the disruption, not a failure to comply with the Board's remedial order in this case. Next, the Board says that the parties could have been bargaining and they could have reached an agreement here rather than Leggett pursuing its right to appeal. And this really points out a significant problem with the Board's orders here. It defended its bargaining order the first time around on the grounds that that bargaining order only was imposed for a reasonable amount of time and thus had a limited impact on employee free choice under the Act. But now it says that what the parties should have done was bargain and enter into a collective bargaining agreement which would have required, which would have imposed this union on employees for an extended period of time, up to three years, and that is the very problem with bargaining orders that this Board has repeatedly identified, including identified in SCOMAS. So, in conclusion, the Board, we believe, is simply trying to have it both ways here. On the one hand, it says the Levitz last-in-time rule does not comply with the statutory mandates. On the other hand, it says compliance with its bargaining order here, which is in violation of SCOMAS and which is in violation of its own decision in Johnson Controls, also comports with the statutory mandates, and it fails to adequately explain its reasons. We believe that this decision is arbitrary and capricious and against extant law as set forth in Johnson Controls. Turning to my next point, and I see I'm running short of time, we believe that the proper course here is for the court to deny enforcement and not remand this case. We believe that the outcome here is foreordained under the rule of Johnson Controls, and in this sort of situation, as the Supreme Court has stated in NLRB v. Wyman Gordon, cited in our materials, the court has the discretion to simply deny enforcement to the Board's order rather than remand this to the Board for a third time so it can sit there for Lord knows how long while the parties wait and wait and wait for a resolution here. We believe that this court has the discretion to deny enforcement and bring an end to this matter. I see my time is running out. What should we do then with the other Lester, if you would, ULPs that are discussed in the briefs? Yep, so the only other found ULP in this matter is an alleged unlawful assistance to a second decertification petition that was filed in June of 2017, and as we argued in the briefs, we do not believe that the Board's finding on that is supported by substantial evidence. What we have there is we have a human resources manager interacting with a new employee and pointing that new employee to the decertification petitioner. The evidence is that the human resources manager pointed the employee to the decertification petitioner to be introduced to a supervisor. The employee didn't hear anything as to why he was being pointed to the decertification petitioner, and the way that the Board got to a violation there was that it imposed an adverse inference on Leggett because it failed to ask the decertification petitioner about what was going on. But respectfully, it's not Leggett's burden of proof to prove an unfair labor practice violation against itself. The decertification petitioner was equally available to both parties, and the counsel failed to call and ask him questions, even though he was present. Thank you. Can I ask you just one quick question about the remedy? So I don't want to presuppose anything, but on your argument about the remedy, if we deny enforcement of the Board's order, then is not the natural upshot of that that we remand anyway? Doesn't that usually happen, or am I wrong about that? So we believe that if you remand the case, the only remand would be with a direction to dismiss the unfair labor practice charge. A simple denial of enforcement stating that the Board cannot enforce its order, the direction would simply be to remand for dismissal. Right, so then what you're talking about is the direction that's given, not the denial of enforcement, because the denial of enforcement itself doesn't dictate what happens to the case before the agency when it goes back. Or am I missing something? I think, Your Honor, if you deny enforcement to the Board's order, that becomes the law of the case in view of the Board. And so, you know, whether you remand with a direction to dismiss or whether you just deny enforcement, we believe the denial of enforcement would end the matter. Technically, there are two different cases here, aren't there? I mean, there's your petition for review and the Board's petition for enforcement. So you want to win on your petition for review, not just on the denial of enforcement, don't you? That's correct. We would like the Court to grant our petition for review. Grant your petition for review, and that would take care of the question of remand. We would not have anything to remand there. The denial of enforcement is a different question. And with you winning on the first one, and again, I'm not trying to assume something, but if you win, then there's nothing for the Board to be remanded about. We just deny the order. That's our position. Yes, Your Honor. Thank you.  Okay. Thank you, Counsel. Mr. Solem. Thank you. May it please the Court. Aaron Solem on behalf of Petitioner Keith Purvis. And if I may, I'd like to reserve at least one minute for rebuttal. What happened in this case is proof that Judge Millett was right when she noted the Board lacks any discernible intervention standards. The onus of the bargaining order falls on my client and not on the employer. A bargaining order prevents my client from having his election petition processed, and it will eventually lead to the decertification petition's dismissal. So when confronted with the similar situation in Novellis, the NLRB's ALJ and ALJ at the NLRB granted a limited intervention to employees to oppose a bargaining order. And on appeal, the Board upheld the intervention. Yet the Board cannot adequately explain why intervention was granted in that case and a host of others that we cited in our case, such as Johnson Controls, Avenue Dental, Renaissance Hotel. Well, and intervention was denied in this case, and it can't do so because, as Judge Millett noted, there's no standard. Now, the Board makes three principal arguments on intervention. First, it claims the Board has wide discretion to grant or deny. Second, it argues Purvis had nothing to add to the hearing. And third, it argues that any interest Purvis has can be vindicated through the decertification process. Each of these arguments fail in turn. First, while the Board unquestionably has discretion, it can't act arbitrarily. And the Board's intervention decisions are arbitrary because ALJs grant or deny intervention in typically similar cases, and those interventions are then rubber stamped by the Board. As I said, you see this in Novellis, Johnson Controls, New England Confectionery, all the cases we cited in our brief. And so the standard of granting intervention on a well-you-know-it-when-you-see-it basis is a failure of the Board to carry out its own functions. And as Judge Millett noted, the Board has to issue some reliable, consistent standard. Now, the Board claims in its brief that its standard is readily discernible, but this is belied by the fact that the Board's newly discovered standard bears little relation to the ALJ's own intervention decision. The ALJ denied intervention here because he found Purvis lacked an interest in the ULP proceedings because he could go to the decertification proceedings. But now the Board claims that its intervention standard concerns whether the proposed intervener will be able to proffer additional facts. And so if this standard was actually discernible, it wouldn't have only been applied by the ALJ. It would be applied in every single intervention decision. And even for the case that the Board cites for this proposition, United Dairy Farmers, if you look at footnote three, which talks about intervention, it isn't talking about a factual standard first, it's talking about an interest standard. And in that case, they simply found the employers who attempted to intervene in that ULP case didn't have an interest under the statute. And then it went on to address whether they would have even added additional facts had they had an interest. And so in reality, what you see is these ad hoc determinations, that's no standard at all. And so, in any event, I think Purvis did have facts to add here and we don't accept that standard, but it ignores that the ALJ credited Roseberry's testimony because nobody asked Purvis about his interactions with Stephen Day, with the employer's agent. And Roseberry's testimony was the linchpin upon which the ALJ held Legas impermissibly aided Purvis's second decertification petition. And so the Board also overlooks that Levitz is unlike other ULP cases. The Levitz standard necessarily requires employees to be not only fact witnesses, but the whole test is whether the employees themselves objectively wanted the union gone and Levitz says this is a question of employee section seven rights. So it makes conceptual sense to say if Levitz is about employee section seven rights, those employees should have the ability to retain their own counsel and participate in the hearing to the extent Levitz is necessary. Now I'm running short on time. And I just want to say that Purvis has an interest in opposing a bargaining order precisely because of this Kafka-esque process where the Board says you have a right to an election, but that election is dependent upon what happens in this case. So the Board can't have it both ways. They can't say we want a bargaining order that prevents an election, an election that's been prevented now for three years. And at the same time, they say, well, you can go get an election, but you can't. And so ultimately what the Board even says in its remedial order when they refuse to apply Johnson controls, they say the party should have been bargaining and they could have come to an agreement. But that agreement would block any election for up to three years. So in reality, what you have is three years without an election. Then you have additional time for bargaining under a bargaining order. And then three years after that, if they come to an agreement before the time period runs out on the bargaining order, then we're blocked for an additional three years up to seven years. So to say that we don't have an interest in this case, I think is just wrong. Now, I'm out of time. Does the court have any questions? I don't believe so. Doesn't look like it. So thank you, Mr. Sullen. Okay, thank you. We'll hear from the fourth counsel now, Ms. Sheehy. Good morning, Your Honors. Barbara Sheehy for the National Labor Relations Board. Is my volume okay? I'm also new to this. Everybody hear me okay? Yeah. If you don't, obviously just let me know and I'll see if I can move closer to the microphone. So I'm going to start with the remedial order in this case, the affirmative bargaining order, because that seemed to be gaining a little attention in opposing counsel's argument. So I'd like to start there. And we start from the premise that this is not SCOMA's. I'm sorry, just at least for my purposes. And if my colleagues would like to hear argument on that, I don't want to deter you. But I'd like to hear about the retroactivity issue about Johnson Controls rather than presuming that we're at the affirmative bargaining order. Okay. I'm happy to start with retroactivity. My main question is just to channel the inquiry a little bit is, let's just assume that the board does get to define, at least has discretion to determine when decisions are retroactive and when they're not. And let's just assume further that the board could, in theory, decide that Johnson Controls, even though it frames it as retroactive to this case and all pending cases, it could decide in some other pending case that even though Johnson Controls applied retroactively and Johnson Controls itself and framed it as applying to pending cases, there could be some pending cases as to which Johnson Controls wouldn't be applied retroactively and the board has discretion to do that. Sorry, can I just ask, when you say pending cases, do you mean pending at the administrative level, just to make sure I understand the question, or is it pending in any phase? Well, so that's a question. I mean, to me, when we talk about pending cases, it just means all pending cases. But let's just, I'll even assume further that one could draw a distinction between cases that are pending before the agency and that are pending on judicial review. I'll go there, too. But still, there has to be a reason to treat a case differently than another case in which retroactive treatment was granted. And as I read the board's order in this case, the reason basically boils down to, there's some language about institutional interest. I think that just points the reader towards what comes next, because institutional interest isn't self-defining. I agree that there's overlap, absolutely. Right. And then what comes next is basically, it's a time question about, you know, it's been some time and the parties should have been bargaining. But all that happened was the employer filed a petition for review, right? And at that point, I don't know what an employer is supposed to do, particularly when they actually have, but Johnson Controls itself, the board says, you know, there were some serious questions about affirmative bargaining order. That's not to say that you necessarily win or lose on that, but it's just to say that there's a serious question on it. And all the employer has done is filed a petition for review. And it's just hard for me to understand why the mere act of filing a petition for review puts this case on a different footing than Johnson Control itself. Now, there may be other reasons why it's on a different footing, but there's nothing in the board's order that spells out anything further than that. Respectfully, I think the board does, and it could be that it's in the footnote. So there's the footnote also in the denial of the motion for reconsideration. So there's the supplemental order, the December order of 2019, and there's also the denial of the motion for reconsideration. And the board does more than just say they should have been bargaining for six months. In fact, the board points out that it deliberately issued Leggett and Platt knowing that Johnson Controls was pending. Johnson Controls didn't issue for six months afterward. So this is a strange retroactivity case in the sense it's not that we're deliberate. When they say there was a deliberate decision, the decision is just based on the fact that there were not three votes to overturn Levitz in this case. Is that the institutional reason? The board cites to the fact, yes, that there was not, and I believe that's in the original, not the denial of the motion for reconsideration. That had to do with the issuance of, yes, Leggett and Platt, not an institutional reason to deny retroactivity. There's a distinction there, I think, on the institutional reasons. Is that part of the reason to deny retroactivity for Leggett and Platt, though? I'm sorry, is what? Is the fact that they did not have, that there were not three board members for that position in Leggett and Platt. That's not identified by the board as one of the reasons that it's not applying retroactivity. When the board refers to the lack of three board members or a full board at the time, three members to overturn, it's referring to the deliberate decision to issue Leggett and Platt the way that Leggett and Platt did. The deliberate reason is about the recusal. Like, there's no other deliberate reason from what I can see from the order. There's nothing deliberate other than the recusal question. I don't know. There's nothing else in the decision, but I don't know internally. Well, let's put it this way. If we take the recusal, it sounds to me like you're not relying on the recusal. So, if we take the recusal out of play, then what was meant by deliberate determination? Yeah. Is that the board was aware, deliberate in the sense that it was aware that Johnson Controls was in the pipeline. The board would certainly know that a similar pending case, in fact, it was in all likelihood on briefing at the same time, in drafting. Sure, but I don't, there has to be some reason underlying. I mean, the board can't, they're both pending before the board. They have case A and case B. The fact that the board says, you know what, case A came up first, but we decided that we were going to issue the decision in case B second. Therefore, we're not going to apply A retroactively to B. Right, and that's because I think Your Honor is right, but they issued the decision, the first one, the Leggett and Platt case. They issued that because of the recusal. Member Emanuel could not participate in the first case. Right, but so the recusal, however, is not a reason. So once Johnson Controls is decided and Johnson Controls says that it will have retroactive application, the earlier recusal cannot, I mean, I don't see how that could be a reason for the agency not to apply retroactivity to Leggett and Platt. Well, there were other reasons, though, cited by the board. It wasn't just that. They did also acknowledge, right, that the bargaining order had been in effect for six months. But that's going to be true for any party that has a bargaining order and chooses to appeal. That is not a reason particular or deliberately considered about Leggett and Platt. I think what's significant in that sense, though, is that the board also recognizes that to allow a decision that it is issued, knowingly issued, knowing that there's the possible, everybody briefed in this case, and they briefed in Johnson Controls reversing the last in time. Yes, but knowing, it's really interesting that you keep saying knowing because the only, you're not distinguishing the two cases on their facts or on how Johnson Controls would apply. The only thing that is knowing, in the sense in which you say, unless you can point to something else, is the recusal. Like you haven't pointed to any other distinction about why Leggett and Platt was deliberately or knowingly decided in the way that it was. But I think what's unusual in this case on the retroactivity doctrine, right, is that the board had already decided the case. So even the courts recognize, or even the courts recognize that that's an unusual, in fact, as far as I know, there is a precedent for a retroactivity doctrine where an administrative decision has already issued with the board issued a decision in the case, as opposed to cases that hadn't been issued before. So I do think the board is due some deference under the statute to determine, listen, we don't want to incentivize delay to the extent that we issue an order. And there could be another case that everybody's familiar with, because sometimes the board puts out a call for briefing, that once they put out that call, if I'm on the receiving, I'm on the losing end of a decision, they don't want to incentivize delay, hoping that the case will be overturned. I don't understand that point about not incentivizing delay. The only delay you're talking about here is the time it takes to pursue their legal rights. What in the world do you mean by incentivizing delay? We're going to decide against you because you're out there appealing from what we decided against you. Incentivizing delay in the sense that if they're absent Johnson controls, nobody knows whether, so Johnson controls pending and before the board, nobody knows whether the employer would have actually gone to the bargaining table. So incentivizing in the sense that if I otherwise would voluntarily comply because everybody knows the board's orders are not self enforcing. If I was otherwise as an employer, willing to comply, but I now know that there's a pending case before the board that will turn the law around, then I may absolutely file a petition for review, and there are no timelines either in the statute. Sure, but that's just a, I gotta say I don't, I don't, I don't begin to understand how that weighs in the board's favor here. Did Johnson controls come up before the board first, or did Leggett come up before the board first? I believe, and I'll correct myself later if this is wrong, I believe Johnson controls was in the pipeline first. I think that's my guess. So, so Johnson control comes up that's what I was my understanding too. So Johnson control comes up first. And the way you're describing it the board can make an intentional decision to issue Leggett first, even though it came up second, and the byproduct of the intentional decision to go out of order. If you took them in order if you did FIFO, then you if you did first in first out, then you would issue Johnson control first, but then the board says you know what, I want Leggett to actually have a bargaining order. So I'm going to go ahead and take them out of turn and issue Leggett first, and then I'm going to issue Johnson controls that takes the substantive foundation out from under the bargaining order in Leggett, but because I decided deliberately that I was going to issue Leggett first. Now I can just say that I'm going to set the law right in Johnson control the law right the way the board sees it I'm not suggesting that I think the law is necessarily right or wrong I just that's the way the board has seen it. That sets the law in a particular direction and Johnson controls, and then I'm just going to decide that because I deliberately did like at first, even though it came up second, then Johnson controls doesn't apply to like it that doesn't paint a particularly sympathetic portrayal in my mind on the board I'm not quite sure why they have the discretion to do that I think as Judge Rao was saying, there has to be some reason for treating the two cases differently, other than the board deliberately decided to issue one before the other, because that's not a reason. And it's not the recusal I can understand why you're not relying on the recusal because that doesn't seem like it would be a reason either so it seems to me you're right, not to rely on that either. But there has to be something that says, even though I applied case be retroactively, I'm not going to apply pending case a retroactively other than I deliberately decided that I wanted to issue a first because that doesn't seem like a reason to treat them differently. Right, and I don't know that that again I'm not I'm involved in sort of in the internal workings on the board side. I'm not, I think that's unfair to say that the board was sort of involved in those mechanics outwardly, it means I'm not suggesting I'm taking you at face value on your argument because I'm not seeing what the reason is for treating the two cases differently, that is manifested in the board's order, other than a statement that there's institutional reasons which as we all agree that just refers to what comes next, a statement about something deliberate, which also I think doesn't, it's not self defining, I don't understand what's being deliberate other than what you're saying which is they deliberately decided to issue one decision before the other. That's fine. Of course you can make a deliberate decision to issue one decision before the other. But if the board but they're both pending, then there has to be a reason for treating the two cases differently. I don't understand what that reason is just by use of the word deliberate, then that takes you to the third thing, which is that this was pending for a while, and they could have been bargaining as to that. All the employer did and I think that's what you're left with. And as to that, all the employer did was take an appeal, not an appeal I'm sorry they filed a petition for review in a context in which I don't know what the I could even conceive of a situation there may be some situation out there where the employer engaged in some kind of conduct that was dilatory, including in the context of taking a petition for review, I'm not sure what that would be, but you know the board would be free to say that in the particular circumstances there's some dilatory conduct here that justifies differential treatment. But here the only conduct is filing a petition for review, which was entirely within its rights, especially because in Johnson controls itself. The board says that there's grounds for calling into question whether an affirmative bargaining order is warranted given the DC Circus decision in scomas. What what's the board left with on treating the cases differently. I'm not, I'm not sure how to answer the question because you've walked through all the reasons that the board that the board is given but but but again I would remind the court I think that the board is entitled to some difference. And it's not just that the reasons that it articulated were just, you know, we think it was deliberate or we think this, they've tried to tie the board tries to tie it to its statutory obligations. And so they've tried to explain the board has tried to explain why it is that in this case, they decided on the particular facts of this case that so I'm trying to be, I mean I'm trying to be as differential as I possibly can be to the board honestly I am. And all I'm hearing is conclusory, you're left with the board order that you're trying to defend so I'm not, I'm not blaming you but I'm just saying, all we're left with is the reasons that were given and the board's order. And they don't feel like they have anything underneath them because institutional, we all agree doesn't say anything deliberate. I don't understand what that says because it only means you deliberately decided one before the other, there's nothing underneath that. Then you're left with the time period which that in theory could be something. But here, the time period, isn't anything other than taking the petition for review. As to that, am I right or wrong about that is there something else that I'm missing about what is involved in the time period. So the time period, I think the board looked at it more holistically in the sense that so certainly as the facts played out here yes this is a time period. But the board is not supposed to legally expect compliance with this order is it's supposed to legally expect compliance or petition. You're, you're not gaining anything by expressing that expectation on the board's part I don't think it's unfair to say that the board has a reasonable expectation of voluntary compliance. And in fact, in the right to petition for review exists. You think you should be able to expect we're going to comply rather than petition. I don't think that a reasonable expectation necessarily negates an employer's right to file a petition for you, I can have the board can have that reasonable expectation, while fully recognizing as it must an employer's ability to take the appeal, but in large measure, not a lot not in as a percentage not a lot of our cases actually do come to the court I feel like maybe I'm here often enough, but it is as it relates to all the decisions and orders that issue, there is a. Okay, but even on that even if we assume all of that and again I am trying to be as deferential to the board as possible given our course decisions on that issue. Johnson control says this is the board and Johnson control says, in light of the DC circuits opinion and scomas the enforceability of an affirmative bargaining order issued under pre existing law would be in serious doubt. So that took two responses to that. The first is, I'm not sure now that Wyman and Gordon has issued I'm not sure that the board was right for Wyman Gordon we sent the 28 J letter in on that were an affirmative bargaining order did actually survive judicial review in that case. And that was the first point I was making on second the second thing I wanted to say was that's a comment then on the affirmative bargaining order that's a comment on the remedial order, not on the violation so the retroactivity applies to the first in line, and obviously affected the order itself the remedial order because if you undo and the ability of the union as the board did and Johnson controls to rehabilitate support. If you were, but in terms of filing a petition for review. Didn't the employer file a petition for review and in which one of the issues raised was the, the enforceability of the affirmative bargaining order, certainly based on scomas absolutely. And that's something that the board itself says would be in serious doubt. Now that's not to say you're of course that doesn't mean in Super Bowl doubt I mean it's possible that an employer can win and I'm not necessarily saying whether the employer wins or doesn't win on this case but in terms of understanding the board's understanding of why an employer would file a petition for review in this case, the board itself said that the issues in serious doubt in this context. After scones. Yeah, I can't deny what the board says in Johnson control. Right. And on this exact issue, the affirmative bargaining order in this case, even if a board can generally generally be seen to expect that its orders are going to be complied with, and even putting to one side that there's a statutory entitlement to file a petition for review on this petition for review, it's an issue as to which the board itself says they're serious doubt. And again I think I would fall back on the notion that in deciding and looking at its statutory rights and its institutional reasons the board is looking more in the abstract it doesn't want to encourage in any circumstance, whether in this particular case that didn't factor in as heavily as it would in a, in a different case, the board is saying that retroactivity here undermines its ability to undermine its reasonable expectation of compliance. I would say it's more in the abstract. I see. Let me ask my colleagues if they have any further questions, if I didn't have just one other question. I mean, the board, obviously has some discretion with respect to whether it applies its decisions retroactively. But in a context like this where the board and Johnson control specifically decides that its decision will apply retroactively what is the scope of the board's discretion to make a different decision. Right, that's a wonderful question, and I don't know. We looked at what the law is and the retroactivity doctrine speaks as just drow just said, as you just said, it speaks first right to the board's discretion to decide the matter in the first instance. But then beyond that, even this court has recognized and I think it's that commercial union case I believe are united commercial workers, that the standard is sort of all over the map, even in this circuit as to what, how does this court look at that determination. And in fact, but even in those cases where the court this court has recognized that it's there's some level of discretion because one of the components of the manifest injustice test looks at the statutory consideration so in that regard as we wrote in our brief we maintain that the board is entitled to some discretion. And on top of that, I would add that I tried to say this earlier I don't know if I made the point clear though but it's an unusual case in that traditionally the retroactivity cases that come up on appeal where the core any court is reviewing an agency's retroactivity decision. It's in it's as if it's the Johnson controls decision not so meaning retroactivity is normally challenged in the very decision, where the board has said or the other eight an agency has said this is retroactive in all this case and all pending cases. And I think it's a different proposition to say that this is, this is a decision that already issued six months before the retroactivity decision came out. So I think in that regard the board here I think that's why you saw them speaking to institutional reasons and relying on that context to to to to deny retroactivity in this case, and I think that counsels in further of a higher level of deference than in a traditional retroactivity case, which would be like I said if Johnson controls were to come up before the court, and the issue of retroactivity in the actual dispute of that of the case where that decision issue. I think it would be a different proposition. Thank you. I don't believe that from the questions for you. Thank you. Thank you. Mr Harper will give you your two minutes they asked for on rebuttal. Thank you, Your Honors. Very briefly, Michie he mentioned this court's recent Wyman Gordon decision that that decision is very distinguishable for the reasons that legate and plat stated in the 28th. Speak up just a little bit. Yep. Sorry. He mentioned the Wyman Gordon decision that this court recently issued, but that issue of that decision is distinguishable for the reasons that legate and plat stated in its 28 J letter among other things. The petition in that case was defective the petition in this case was not. Secondly, Michie he mentioned that this case was an unusual case because it had already been decided when the retroactivity matter was decided a case that we cited in our motion for reconsideration to the board on this very issue was the board's decision in Williams Energy Co 340 NLRB 764, where the Williams case was pending before the Fifth Circuit. The board was in the process of deciding a case that was going to reverse precedent underlying the Williams case, the board asked for remand of the Williams case decided the new case reversing precedent and then applied the new precedent in the Williams case, even though the board had decided the Williams case previously. So, that case was cited to the NLRB in our motion for reconsideration and we would submit it to you for consideration with respect to the board's point. With that, unless the court has any other questions for me. I will see the remainder of my time, or grant legates petition and deny the boards. Thank you, Mr Harper. Mr song you did have one minute I don't think your issue came up in the course of arguments but you're welcome to take your one minute if you'd like, just to address two quick topics that I think came up in the course of all the discussions today. First to piggyback on what Mr Harper said Wyman Gordon is extremely distinguishable for the reasons we both stated in our responses, but also it's interesting that Judge Henderson was on the panel and also wrote scomas I think the court would be surprised to learn that it overruled scomas sub silencio, because Wyman is just completely distinguishable. Second of all, I wanted to discuss the issue of remand the courts mostly focused on Johnson controls issue and we're agnostic about that, because whether or not there's an election because there can't be a bargaining order or there's an election, because in our opinion we think a remand is the best issue to deal with this. If it is not dismissed because the board has to fashion some other remedy and as this court noted in scomas an election is the appropriate remedy under scomas in this case is on all four with scomas, so thank you. Thank you counsel, thank you to all counsel will take this case under submission.
judges: Srinivasan, Rao, Sentelle